IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH SAUL STEWARD,

    Plaintiff,

vs.                                                                     No. 24-cv-437 WJ/GBW

ROGER HADLEY, Banker, and
TELLER-EMPLOYEE, of
THE CITIZENS BANK OF CLOVIS,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

       THIS MATTER is before the Court on Plaintiff Joseph Saul Steward's Amended Prisoner's Civil Rights Complaint, filed May 24, 2024. (Doc. 2). Plaintiff is incarcerated and proceeding *pro se*. He paid the filing fee on March 10, 2025. (Doc. 16). Having reviewed Plaintiff's claims and the relevant law pursuant to the screening requirements of 28 U.S.C. § 1915A, the Court will dismiss Plaintiff's claims and grant him leave to file an amended complaint.

    **I.**     **Background**

       In his Amended Complaint, Plaintiff brings claims under 42 U.S.C. § 1983 against two employees of The Citizens Bank of Clovis. (Doc. 2) at 2. His claims are difficult to discern, but he appears to allege that on May 1, 2024, these employees refused to issue funds to his inmate account, which resulted in Plaintiff not being able to pay his bond to be released from the Curry County Detention Center ("CCDC"). *Id.* at 4-7. Plaintiff alleges Defendants violated "Chapter 31 Criminal Procedure Article 3 Bail Trust Company – F.D.I.C." *Id.* at 3. He claims Defendants acted under state law because The Citizens Bank is "a Trust Company holding property for the

benefit of others or Federal Deposit Insurance Corporation," including "direct deposits from the United States Treasury for Veteran Disability payments." *Id.* at 6. His request for relief is unclear, but he appears to request in part $30,000 in damages. *Id.* at 8; *see also* (Doc. 7). In addition, Plaintiff has filed three Letters raising claims pertaining to issues with the mail system at CCDC. *See* (Docs. 5, 8, 9). He alleges that some of his outgoing letters were not mailed and that he has received unsealed mail from the Court. *Id.*

## II. Analysis

Under the Prison Reform Litigation Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. *See* 28 U.S.C. § 1915A(a). Under § 1915A(b), the Court must dismiss a civil action *sua sponte* if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). To avoid dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Nevertheless, the Court is not obligated to craft legal theories for the plaintiff, and it is not the "proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

Plaintiff's Amended Complaint and Letters do not survive initial review. As an initial matter, they do not comply with the basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. It is not clear if Plaintiff's Letters are intended to add claims and parties to his Amended Complaint. Rule 8 requires a short and plain statement of the grounds for relief, and "[i]t is not the role of … the court … to sort through a lengthy … complaint and voluminous exhibits … to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted). Moreover, plaintiffs are not permitted to file "kitchen-sink" or "shotgun" pleadings, which "bring[] every conceivable claim against every conceivable defendant." *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012) (unpublished); *see also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). Shotgun pleadings are "pernicious" because they "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young*, 2012 WL 4211669, at *3; *see also Pola v. Utah*, 458 Fed. App'x. 760, 762

(10th Cir. 2012) (affirming dismissal of a complaint that was "incoherent, rambling, and include[d] everything but the kitchen sink").

In addition, "[a] cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046. Moreover, "a successful § 1983 complaint must make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original).

Even liberally construing Plaintiff's filings, the Court cannot discern what legal theory Plaintiff wishes to pursue against whom. If Plaintiff seeks to pursue claims relating to his mail, he does not identify a party or specific claim. Regarding Plaintiff's claims against the two bank employees, Plaintiff does not state what federal constitutional or statutory right they violated, whether they were engaged in official conduct, or how any official conduct is connected to the constitutional violation. For these reasons, Plaintiff's Amended Complaint, as supplemented by his Letters, must be dismissed.

### III.    Plaintiff May File an Amended Complaint

Based on the foregoing, the Court will dismiss the Amended Complaint (Doc. 2) and Letters (Docs. 5, 8, 9) without prejudice for failure to conform to Rule 8(a) and for failure to state a cognizable claim under Rule 12(b)(6). The Tenth Circuit counsels that *pro se* plaintiffs should

ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Plaintiff may file a single amended complaint within thirty (30) days of entry of this Order. The amendment must not exceed 30 pages in length. Plaintiff is reminded that any amended complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins*, 519 F.3d at 1249-50 (emphasis in original). "Collective allegations" regarding the alleged wrongdoing will not meet this standard. *Id.*

If Plaintiff seeks to pursue mail interference claims, he is advised that interference with legal mail implicates several constitutional rights, including the right to access courts; the right to receive mail *per se*; and the Sixth Amendment right to correspond with counsel. *See Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005). To succeed on a claim for non-delivery of legal mail, "[an inmate] must include sufficient facts to indicate the plausibility that the actions of which he complains were *not* reasonably related to legitimate penological interests." *Khan v. Barela*, 808 Fed. App'x 602. 607 (10th Cir. 2020). "[T]o present a viable claim for denial of access to the courts, … an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996) (The plaintiff must demonstrate that the mail seizures "hindered his efforts to pursue" a non-frivolous legal claim.).

To the extent Plaintiff seeks to pursue claims regarding access to his bank funds, he must allege violation of a civil right by a government official acting under color of state law, as well as a connection between the official conduct and the constitutional violation. *See Fogarty*, 523 F.3d at 1162. The proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*,

488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) ("[T]he deprivation of [a federal right] must be caused by the exercise of some right or privilege created by the State," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor."). "Private individuals and entities may be deemed state actors … if they have acted together with or have obtained significant aid from state officials, or if their conduct is otherwise chargeable to the state." *Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002) (citations omitted). In the Tenth Circuit, the question of what constitutes action under color of law by private parties is analyzed through the framework of four tests: (1) the public function test—which centers on "whether the state has delegated to a private party a function traditionally exclusively reserved to the [s]tates"; (2) the nexus test—which requires the plaintiff to "demonstrate that there is a sufficiently close nexus between the government and the challenged conduct that the conduct may be fairly treated as that of the state itself"; (3) the symbiotic relationship test—which requires the plaintiff to show that the state "so far insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity"; and (4) the joint action test—which is usually satisfied by a showing of "a substantial degree of cooperative action between state and private officials, or … overt and significant state participation in carrying out the deprivation of the plaintiff's constitutional rights[.]" *Id.* at 1202-05 (citations omitted).

Plaintiff is advised that banks and their employees generally do not operate under color of state law, and therefore, cannot be held liable pursuant to § 1983. *See, e.g., Cheyenne & Arapaho Tribes v. First Bank & Tr. Co.*, 560 Fed. App'x 699, 708 (10th Cir. 2014) (holding the bank "did not act under color of state law when it imposed a freeze" because "it obtained no significant aid from" state officials "nor was its conduct chargeable to the state"); *Elliot v. May*, 122 Fed. App'x

944, 946 (10th Cir. 2004) (plaintiff failed to show defendants, including a bank, "who are private entities, were acting under 'color of state law'"); *Pagel v. Bank United of Texas FSB*, 2001 WL 710186, at *3 (D. Utah) ("[A]dding language to the complaint that certain Defendants are regulated by the FDIC," and "[a] bank's purchase of FDIC insurance," do not constitute state action because "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment") (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350 (1974)).

Finally, Plaintiff is advised that any amendment will supersede the Amended Complaint and must include all federal and state claims he wishes to pursue in this case. If Plaintiff fails to timely amend his complaint as set forth above, the Court may dismiss all federal § 1983 claims with or without prejudice; decline to exercise supplemental jurisdiction over any state law claims; and dismiss all state law claims without prejudice for lack of jurisdiction.

**IT IS ORDERED** that Plaintiff's Amended Prisoner's Civil Rights Complaint (**Doc. 2**), as supplemented by (**Docs 5, 8, 9**), is **DISMISSED without prejudice** and Plaintiff is granted leave to file a single, amended pleading, as set forth above, within thirty (30) days of entry of this Order.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE